IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CIVIL ACTION NO.
    v.                      )    2:16cr488-MHT
                            )         (WO)
TRUDYO RENARDO HINES        )
```

OPINION AND ORDER

This court previously set a hearing on the petition of the United States Probation Department to revoke the term of supervision of defendant Trudyo Renardo Hines. *See* Order (doc. no. 76); *see also* Petition to Revoke Supervision (doc. no. 65). Since then, in a written document submitted to the court and signed by government counsel, defense counsel, and Hines himself, Hines has agreed to waive his right to a revocation hearing in exchange for a particular sentence. *See* Agreement (doc. no. 79). For the reasons that follow, the court will accept the parties' agreement, grant the revocation petition, revoke Hines's term of supervision, and sentence him to five days in custody

(time served), six months in a halfway house (Dismas House), and 18 months of supervised release to follow.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the rule, Hines is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation," also known as the right to allocution. Fed. R. Crim. P. 32.1(b)(2); *see also* Fed. R. Crim. P. 32.1 advisory committee's note to 2005 amendment (noting the addition of the right to allocution in response to an observation by the Eleventh Circuit in *United States v. Frazier*, 283

F.3d 1242 (11th Cir. 2002)).  The rule also makes plain
that such revocation hearings can be waived by the
defendant: "*Unless waived by the person*, the court must
hold the revocation hearing within a reasonable time in
the district having jurisdiction." Fed. R. Crim. P.
32.1(b)(2) (emphasis added); *see also United States v.
Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020)
(explaining that "[t]he Federal Rules of Criminal
Procedure, which govern revocation hearings, allow a
defendant to waive their right to a hearing" based on
the federal rule).*

      Given this rule, the court is satisfied that
Hines's waiver is sufficient for this court to proceed
without a revocation hearing.   In the waiver, he

---

      * Allowing a defendant to waive a revocation
hearing in its entirety is also consistent with the
rule's treatment of preliminary hearings and
modifications of supervised release, both of which can
also be waived by the defendant. *See* Fed. R. Crim. P.
32.1(b)(1)(A) ("The person may waive the [preliminary]
hearing."); *id*. at 32.1(c)(2) ("A hearing is not
required if: (A) the person waives the [modification]
hearing.").

"acknowledges he has had an opportunity to" review both (1) "the notice of the alleged violation of supervised release" and (2) "the evidence against him." Agreement (doc. no. 79) at 2. This corresponds to his entitlement at a revocation hearing to "(A) written notice of the alleged violation; [and] (B) disclosure of the evidence against [him]." Fed. R. Crim. P. 32.1(b)(2). Further, in the waiver, Hines "acknowledges he is aware of the following rights and is knowingly waiving these rights in exchange for the recommended agreed sentence," namely (1) "[t]he opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing" and (2) "[t]he opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court." Agreement (doc. no. 79) at 3. This corresponds to Hines's entitlement at a revocation hearing to "(C) an opportunity to appear, present evidence, and question any adverse witness

**4**

unless the court determines that the interest of justice does not require the witness to appear; ... and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2). While the waiver does not mention Hines's entitlement to "(D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel," *id.*, there is no need here because he is already represented by counsel.

Finally, the court finds the parties' proposed sentence--five days in custody (time served), six months in a halfway house (Dismas House), and 18 months of supervised release to follow--to be reasonable and fair. The court understands that the violation to which Hines is pleading guilty is a Grade C violation in the United States Sentencing Guidelines; that his criminal history category at the time of sentencing was IV; and that the applicable guideline range for imprisonment for a Grade C violation, by a defendant

with a criminal history category of IV, is 6 to 12 months.  Also, the Probation Department has orally indicated to the court that it does not object to the proposed sentence.  With these understandings in mind, and after having considered and consulted the Sentencing Guidelines in general and evaluated the reasonableness of a sentence through the lens of 18 U.S.C. § 3553, the court finds that the parties' proposed sentence for Hines is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in subpart (a) of § 3553.

**\*\*\***

Accordingly, it is ORDERED as follows:

(1) The joint motion to accept proposed agreement of parties (doc. no. 77) is granted.

(2) The court accepts the parties' plea agreement, including defendant Trudyo Renardo Hines's waiver of his right to a revocation hearing (doc. no. 79).

6

(3)  The court finds that defendant Hines violated a special condition of the terms of supervised release that he must "serve six months in a halfway house when a bed is available ...."  This is violation number one in the petition to revoke supervised release (doc. no. 65).

(4)  The petition to revoke supervised release (doc. no. 65) is granted as to violation number one.

(5)  The court finds that this violation is a Grade C violation in the U.S. Sentencing Guidelines.

(6)  The court finds that defendant Hines's criminal history category at the time of sentencing was IV.

(7)  The court finds that the guideline range of imprisonment for revocation is 6 to 12 months.

(8)  Having considered and consulted Chapter 7 of the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' sentencing agreement, it is the judgment of the court that defendant Hines is committed to the custody of the Federal Bureau of

Prisons to be imprisoned for five days (time served), to be immediately followed by six months at Dismas House and 18 months on supervised release.

(9) Defendant Hines is to appear at Dismas House by noon on June 2, 2020.  The court understands that a bed is available and that the Federal Defender's Office will pick him up upon release.

DONE, this the 2nd day of June, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE