IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CIVIL ACTION NO.
     v.                     )    2:16cr488-MHT
                            )         (WO)
TRUDYO RENARDO HINES        )
```

OPINION AND ORDER

This court previously set a hearing on the petition of the United States Probation Department to revoke the term of supervision of defendant Trudyo Renardo Hines. *See* Orders (doc. nos. 95 & 99); *see also* Petition to Revoke Supervision (doc. no. 85).  Since then, in a written document submitted to the court and signed by government counsel, defense counsel, and Hines himself, Hines has agreed to waive his right to a revocation hearing in exchange for a particular sentence.  *See* Agreed Order (doc. no. 101).  For the reasons that follow, the court will accept the parties' agreement, grant the revocation petition, revoke Hines's term of supervision, and sentence him to four months in custody with no term of supervised release to follow.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the rule, Hines is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation," also known as the right to allocution. Fed. R. Crim. P. 32.1(b)(2); *see also* Fed. R. Crim. P. 32.1 advisory committee's note to 2005 amendment (noting the addition of the right to allocution in response to an observation by the Eleventh Circuit in *United States v. Frazier*, 283 F.3d 1242 (11th Cir. 2002)). The rule also makes plain that such revocation hearings can be waived by the

2

defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2) (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule).[*]

Given this rule, the court is satisfied that Hines's waiver is sufficient for this court to proceed without a revocation hearing. In the waiver, he "acknowledges he has had an opportunity to" review both (1) "the notice of the alleged violation of supervised

---

[*] Allowing a defendant to waive a revocation hearing in its entirety is also consistent with the rule's treatment of preliminary hearings and modifications of supervised release, both of which can also be waived by the defendant. *See* Fed. R. Crim. P. 32.1(b)(1)(A) ("The person may waive the [preliminary] hearing."); *id.* at 32.1(c)(2) ("A hearing is not required if: (A) the person waives the [modification] hearing.").

release" and (2) "the evidence against him."  Agreed
Order (doc. no. 101) at 2.  This corresponds to his
entitlement at a revocation hearing to "(A) written
notice of the alleged violation; [and] (B) disclosure
of the evidence against [him]."  Fed. R. Crim. P.
32.1(b)(2).  Further, in the waiver, Hines
"acknowledges he is aware of the following rights and
is knowingly waiving these rights in exchange for the
recommended agreed sentence," namely (1) "[t]he
opportunity to appear personally, present evidence, and
question adverse witnesses at a revocation hearing" and
(2) "[t]he opportunity to make a statement personally
to the Court in mitigation of sentence and to present
mitigating evidence to the Court."  Agreed Order (doc.
no. 101) at 3.  This corresponds to Hines's entitlement
at a revocation hearing to "(C) an opportunity to
appear, present evidence, and question any adverse
witness unless the court determines that the interest
of justice does not require the witness to appear; ...

4

and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2). While the waiver does not mention Hines's entitlement to "(D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel," *id.*, there is no need here because he is already represented by counsel.

Finally, with some hesitation, the court finds the parties' proposed sentence--four months of imprisonment without subsequent supervised release--to be reasonable and fair. The court understands that the violation to which Hines is pleading guilty is a Grade C violation in the United States Sentencing Guidelines; that his criminal history category at the time of sentencing was IV; and that the applicable guideline range is therefore 6 to 12 months. A four-month sentence is appropriate here in light of the relatively minor nature of Hines's violation and the fact that the agreement is for Hines to serve this term in custody,

rather than community confinement or home detention. *See* 18 U.S.C. § 3553(a). The Probation Department has indicated to the court that it does not object to the proposed sentence. With these understandings in mind, and after having considered and consulted the Sentencing Guidelines in general and evaluated the reasonableness of a sentence through the lens of 18 U.S.C. § 3553, the court finds that the parties' proposed sentence for Hines is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in subpart (a) of § 3553.

The court adds in closing that it recognizes that Hines has had significant difficulty complying with the terms of his supervised release since supervision was first imposed in this case in March 2019, and it understands the interest expressed by the Probation Department in focusing resources on offenders who are more likely to comply with supervision. The court

accepts the parties' agreement with the hope that Hines will find a way to avoid further criminal justice entanglements after his term of imprisonment ends.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The court accepts the parties' plea agreement, including defendant Trudyo Renardo Hines's waiver of his right to a revocation hearing (doc. no. 101).

(2) The court finds that defendant Hines violated the special condition of the terms of supervised release that he must serve six months at a halfway house. This is violation number one in the petition to revoke supervised release (doc. no. 85).

(3) The petition to revoke supervised release (doc. no. 85) is granted as to violation number one.

(4) The court finds that this violation is a Grade C violation in the U.S. Sentencing Guidelines.

(5) The court finds that defendant Hines's criminal history category at the time of sentencing was IV.

7

(6) The court finds that the guideline range of imprisonment for revocation is 6 to 12 months.

(7) Having considered and consulted Chapter 7 of the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' sentencing agreement, it is the judgment of the court that defendant Hines is committed to the custody of the Federal Bureau of Prisons to be imprisoned for four months, with no term of supervised release to follow.

DONE, this the 1st day of September, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE